UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER C JOHNSON., | ) Case No:  3:25-cv-05008-JHC |
| Plaintiff, | ) **COMPLAINT** |
| vs. | ) |
| AMERICOLLECT, INC. | ) |
| Defendant. | ) Jury Trial:  Yes |

### INTRODUCTION

1. This is a civil action for actual, and statutory damages and cost brought by Christopher C. Johnson hereinafter, ("Plaintiff") an individual consumer, against defendant, AmeriCollect, INC. hereinafter ("Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA").

### BASIS OF JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p), and 28 U.S. C § 1331.

COMPLAINT FOR A CIVIL CASE - 1

Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(6)(1) and 28 U.S.C. § 1391 (b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district. Defendant transact business in Pierce County, Puyallup, Washington.

## PARTIES

3. Plaintiff, Christopher C Johnson is a natural person and consumer as defined by 15 U.S.C. § 1681a(c), residing in Puyallup, WA.

4. Upon information and belief, Americollect, INC. is a Wisconsin corporation. Americollect, INC accepts service of process through its registered agent Corporation Service Company 33 E Main Street STE 610, Madison, WI 53703-4655.

5. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendants" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

*Existence of a Consumer Report*

6. On or about 12/28/2024 a consumer report pertaining to Plaintiff was generated and maintained by Experian a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

### *Defendant's Access to the Consumer Report*

7. In the report the Plaintiff observed an unauthorized inquiry from Defendant.

8. Defendant accessed Plaintiff's consumer report from Experian on 11/12/2024. See Exhibit A.

### *Lack of Permissible Statutory Purpose*

9. Defendant accessed Plaintiff's consumer report without a permissible purpose, as required by 15 U.S.C. § 1681b(f).

10. Discovery will show plaintiff had no existing business relationship, contractual obligation, or any other transaction with Defendant that would allow for such an inquiry under 15 U.S.C. § 1681b(a)(3)(A) or any other provision.

11. Discovery will show that Defendant was neither retained by a creditor with whom Plaintiff had initiated a transaction nor involved in any collection activities pertaining to a debt initiated by Plaintiff, thus failing to establish a permissible purpose for accessing Plaintiff's consumer report.

12. Upon accessing Plaintiff's consumer report, Defendant did not take any follow-up actions, such as sending a collection notice, thereby indicating a lack of permissible purpose for the inquiry.

13. Discovery will show Plaintiff never initiated a consumer credit transaction with Defendants nor had an account with the defendants.

14. Discovery will show Plaintiff never gave any consent to Defendants to access his consumer report.

### *Requisite Mental State (Willfulness)*

15. Defendant was aware or should have been aware of their obligations under the FCRA to access consumer reports only for permissible purposes.

16. Discovery will show despite this knowledge, Defendant intentionally or recklessly disregarded their obligations under the FCRA and did not verify a purported debt or take other actions that would constitute a permissible purpose for accessing Plaintiff's consumer report.

17. Discovery will show Defendant violation was not isolated but part of a pattern or practice, as evidenced by multiple consumer complaints lodged against the company for similar unauthorized access to consumer reports further demonstrating willfulness.

### *Damages*

18. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendants to Plaintiff specifically.

19. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered emotional distress from the Defendants unauthorized access of his credit report.

20. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered an invasion of his privacy. This intrusion into the Plaintiffs personal information has caused a feeling of vulnerability, worry and anxiety which lead to sleeplessness and headaches.

21. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered fear and anger over the invasion of his privacy.

22. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered loss of time into research and learning to defend against the invasion of privacy.

23. Plaintiff's injury is directly traceable to defendant's conduct because if it weren't for the defendant's conduct, Plaintiff would not have been deprived of his rights and would not have been subject to the emotional distress, anxiety, worry and invasion of privacy caused by the defendant's actions.

24. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

25. A favorable decision herein would redress Plaintiff's injury with money damages.

26. A favorable decision herein would serve to deter Defendants from further similar conduct.

## COUNT 1 VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C § 1681b(f) DEFENDANT AMERICOLLECT INC

27. All preceding paragraphs are realleged.

28. On or about 12/18/2024 a consumer report pertaining to Plaintiff was generated and maintained by a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

29. Defendant accessed Plaintiff's consumer report on or about 11/12/2024.

30. Defendant accessed Plaintiff's consumer report without a permissible purpose as required by 15 U.S.C. § 1681b(f).

31. Plaintiff had no existing business relationship, contractual obligation, or any other transaction with AMERICOLLECT INC that would allow for such an inquiry under 15 U.S.C. § 1681b(a)(3)(A) or any other provision.

32. Defendant was neither retained by a creditor with whom Plaintiff had initiated a transaction nor involved in any collection activities pertaining to a debt initiated by Plaintiff, thereby failing to establish a permissible purpose for accessing Plaintiff's consumer report.

33. Defendant was aware or should have been aware of their obligations under the FCRA to access consumer reports only for permissible purposes.

34. Despite this knowledge, Defendant intentionally or recklessly disregarded their obligations under the FCRA and did not verify the purported debt or take other actions that would constitute a permissible purpose for accessing Plaintiff's consumer report.

35. Defendant actions were not isolated but part of a pattern or practice, further demonstrating willfulness.

36. As a direct result of Defendant violation of 15 U.S.C § 1681b(f), Plaintiff has suffered actual damages and/or is entitled to statutory damages, as provided by 15 U.S.C § 1681n(a) and 1681o.

### COUNT II: INVASION OF PRIVACY (INTRUSION ON SECLUSION) DEFENDANT AMERICOLLECT INC

37. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). Defendant intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

38. Defendant invaded the privacy of the Plaintiff when they willfully accessed the Plaintiffs consumer report without a permissible purpose.

39. Plaintiff suffered actual damages of invasion of privacy as a result of Defendants intrusion.

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Christopher C. Johnson, respectfully demands a jury trial and request that judgment be entered in favor or the Plaintiff against the Defendants for:

(a) Actual damages, statutory damages, for violations of 15 U.S.C § 1681b(f), as provided by 15 U.S.C §1681n(a) and 1681o.

(b) Actual damages for Invasion of Privacy (Intrusion on Seclusion)

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (I) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovely; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 1-3-2025

_____
Christopher C Johnson
5613 121st Street Court E #1
Puyallup, WA 98373
cejay80@gmail.com

COMPLAINT FOR A CIVIL CASE - 9

# EXHIBIT A

| AMERICOLLECT INC | CAPITAL ONE | CONSUMERINFO.COM | CREDIT KARMA |
|---|---|---|---|
| Inquired on 11/12/2024 | Inquired on 12/11/2024 | Inquired on 09/27/2024 and 08/14/2024 | Inquired on 12/27/2024, 12/24/2024, 12/23/2024, 12/19/2024, 12/18/2024, 12/16/2024, 12/15/2024, 12/14/2024, 12/12/2024, 12/10/2024, 12/08/2024, 12/07/2024, 12/05/2024, 12/03/2024, 12/02/2024, 12/01/2024, 11/27/2024, 11/26/2024, 11/25/2024, 11/24/2024, 11/23/2024, 11/22/2024, 11/21/2024, 11/20/2024, 11/19/2024, 11/16/2024, 11/14/2024, 11/12/2024, 11/11/2024, 11/08/2024, 11/06/2024, 11/04/2024, 11/02/2024, 11/01/2024, 10/30/2024, 10/29/2024, 10/28/2024, 10/23/2024, 10/21/2024, 10/19/2024, 10/15/2024, 10/14/2024, 10/13/2024, |
| 1851 S ALVERNO RD, MANITOWOC WI 54220 | 15000 CAPITAL ONE DR, RICHMOND VA 23238 | 475 ANTON BLVD, COSTA MESA CA 92626 | |